# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES A. BROWN, | : | CIVIL ACTION NO. **3:CV-11-0443** |
| | : | |
| Petitioner | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

## I. Procedural Background.

On March 9, 2011, Petitioner, Charles A. Brown, an inmate at the State Correctional Institution at Coal ("SCI-Coal Township"), Coal Township, Pennsylvania, filed, *pro se,* this Habeas Corpus Petition[1] pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner attached two exhibits to his Doc. 1 filing. Petitioner paid the filing fee after the Court denied his *in forma pauperis* motions. (Docs. 4, 6 and 9).

Petitioner Brown alleged that on January 13, 2011, when he was residing in an apartment in Delaware, six agents of the Pennsylvania Board of Probation and Parole ("PA Board") took him into custody pursuant to a fugitive warrant. Petitioner avers that he was then transported to SCI-Coal Township, his current place of incarceration. (Doc. 1,p. 1-2).

---

[1]Petitioner originally styled his action as a "42 U.S.C. §1983 Civil Rights Complaint" and an "Application for Immediate Injunctive Relief." (Doc.1). However, the Court issued an Order on March 30, 2011, and construed Petitioner's Doc. 1 as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. (Doc. 10).

On April 21, 2011, the Court issued a Show Cause Order and directed Respondents to respond to Petitioner's habeas petition.  (Doc. 17).  Petitioner responded to the Court's April 21, 2011 Order, despite the fact that he was not directed to do so, with an attached copy of a petition for writ of habeas corpus he filed in March 2011 with the Philadelphia County Court of Common Pleas.  (Doc. 21).  After being granted extensions of time, on June 16, 2011, Respondents filed their Response and Opposition Brief to Petitioner's habeas petition.  (Docs. 29 and 30).  Petitioner filed a 2-page Traverse on July 5, 2011.  (Doc. 33).

Petitioner and Respondents consented to proceed before the undersigned for all matters pursuant to 28 U.S.C. §6363(c).  (Docs. 31, 34 and 35).

Petitioner states that in April 2009 he was released on probation in Delaware and that he successfully completed his probation in April 2010.  Petitioner refers to his Ex. 2 to Doc. 1.

As stated, Petitioner was arrested in Delaware and taken into custody on January 13 2011, by agents of the PA Board and is currently confined at SCI-Coal Township.  (Doc. 29-1, Ex. 6, p. 27).  The PA Board contends that Petitioner was recommitted as a convicted parole violator because of a March 2006 conviction in Delaware County, Pennsylvania.  (Doc. 29-1, Ex. 8).

Petitioner argues, *inter alia*, he was illegally detained by the Pennsylvania Board of Probation and Parole, and he is asking to be immediately released from prison.  (Doc. 21, p. 2).  Petitioner argues that his due process rights were violated when the PA Board took custody of him in January 2011 in Delaware and had him confined at SCI-Coal Township.  (Doc. 1, p. 2).  Specifically, Petitioner claimed in his March 9, 2011 habeas petition:

> [Petitioner] feels he is being deprived procedural due process in violation of the 14th Amendment of the United States Constitution, as

2

> without proper notice of the cause of his detention and notice of the
> specific allegations against him, he cannot prepare for hearings,
> petition the government for redress, prepare to call witnesses, prepare
> a defense, et al.

(Doc. 1, p. 2)

Petitioner also claimed that his procedural due process rights were violated by the continual refusal of the PA Board to give him documentation as to the cause of his detainment and the "fugitive warrant of commitment (sic)." (*Id*.). At the time of his habeas petition, Petitioner had not yet received his parole revocation hearing by the PA Board.

For the reasons set forth below, the Court will deny Petitioner Brown's habeas petition.

## II. Factual Background.

On April 8, 1999, in Philadelphia County, Petitioner Brown was sentenced in two different criminal cases to two (2) to five (5) years incarceration in each case. Petitioner's two sentences ran concurrent to each other. (Doc. 29-1, Ex. 3). On October 30, 2001, Petitioner Brown was released on parole in the State of Delaware, pursuant to the Interstate Compact for the Supervision of Adult Offenders. (Doc. 29-1, Ex. 4).

On February 9, 2004, Petitioner was arrested in Aston Township, Delaware County, Pennsylvania, and he was incarcerated in the Delaware County Prison until February 12, 2004, when he posted bail. (Doc. 29-1, Exs. 5 and 6). The supervision history of Petitioner indicates he left the State of Delaware without permission, or in violation of his parole. (Doc. 29-1, Ex. 6).

On March 2, 2004, the PA Board received notice of Petitioner's arrest on February 9, 2004. (Doc. 29-1, Ex. 6).

On September 7, 2004, Petitioner Brown was convicted of violating 18 Pa.C.S. §903(a)(1) criminal conspiracy possession of drugs, and he was sentenced in Delaware County, Pennsylvania, in Case No. CP-23-CR-0003569-2004, to 24 months probation regarding his February 2004 arrest. (Doc. 29-1, Ex. 5 & Ex. 7).[2]

On October 18, 2004, Petitioner Brown was arrested in the State of Delaware and charged with, *inter alia*, attempted murder and possession of a firearm. (Doc. 29-1, Ex. 6).

On December 9, 2004, the PA Board issued a warrant for Petitioner Brown. (Doc. 29-1, Ex. 6).  The December 9, 2004 warrant was lodged by the PA Board as a detainer against Petitioner at the Gander Hill Prison in the State of Delaware. (*Id*.).   The PA Board was going to have Petitioner brought back to Pennsylvania regarding his September 7, 2004 conviction in Delaware County, Pennsylvania.

On October 26, 2010, the PA Board was notified that Petitioner Brown had been released from prison in the State of Delaware, despite the Board's December 9, 2004 detainer.  (Doc. 29-1, Ex. 6).

As stated above, on January 13, 2011, Petitioner Brown was arrested in the State of Delaware by PA Board agents, and on January 20, 2011 he was returned to Pennsylvania and confined at SCI-Coal Township. (Doc. 29-1, Ex. 6).

---

[2]*See also* Doc. 21, p. 14.

On March 9, 2011, Petitioner filed his instant § 2254 habeas petition with this federal court. (Doc. 1).[3]  Petitioner claimed that the PA Board violated his procedural due process rights by failing to give him documentation with respect to his detainment at SCI-Coal Township.   Petitioner claimed that his current detention at SCI-Coal Township is illegal and that he should be released.

On May 16, 2011, the PA Board conducted a parole revocation hearing in Petitioner Brown's case.  On May 26, 2011, the PA Board issued a decision and recommitted Petitioner Brown as a convicted parole violator due to his September 7, 2004 conviction in Delaware County, Pennsylvania, Case No. CP-23-CR-0003569-2004. (Doc. 29-1, Ex. 8 and Doc. 30, p. 4).  The PA Board set Petitioner's parole violation maximum date as June 22, 2013.  (*Id.*).

## III.  Discussion.

As a preliminary matter, we find that this Court has jurisdiction over Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 in which he claims that his continued detention by the PA Board in SCI-Coal Township is illegal and, that his procedural due process rights during his parole revocation were violated by the PA Board . (Doc. 1).  *See Miller v. PA Bd. of Probation and Parole*, 2010 WL 2736873 (M.D. Pa. 7-12-10).  As relief, Petitioner seeks to be immediately released from confinement.  (Doc. 33, p. 2).

As such, Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states the following, in part:

---

[3]The Habeas Corpus Petition was signed by Petitioner on March 3, 2011. (Doc. 1). Thus, under the prison mailbox rule, we construe Petitioner's instant Habeas Petition as being filed on March 3, 2011.  *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a .. Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.

    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –

        (A) the applicant has exhausted the remedies available [to the petitioner];

        (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

Petitioner was found by the PA Board to have violated his parole conditions by being convicted in September 2004 in Delaware County, Pennsylvania, Case No. CP-23-CR-0003569-2004. (Doc. 30, p. 4 and Doc. 29-1, Ex. 8).  Prior to his parole revocation hearing, Petitioner filed a petition for writ of habeas corpus challenging the PA Board's parole revocation actions and its detainment of him at SCI-Coal Township. (Doc. 1).  In his Traverse, Petitioner states:

When Petitioner Brown informed his Probation Officer of the alleged offence for case # CP-23-CR-0003569-2004, on February 9, 2004, do (sic) to the fact that the offence, which was a misdemeanor, the Probation Officer didn't want to violate me, but said that he has to contact his supervisor and his supervisor has to contact the Parole Board.  If the Parole Board contacts him [Probation Officer] back before my discharge date which was April 8 2004 then he'll have to violate me, if they don't contact them back, I'll be discharged on my actual date.  Petitioner Charles Brown signed off of Parole on April 8, 2004.

(Doc. 33, p. 2).

Respondents state that Petitioner "seeks relief on the theory that the [PA] Board was required to return him to Pennsylvania to address the conviction in Delaware County Case No. CP-

23-CR-0003569-2004 while he was serving a sentence for crimes he committed in the State of Delaware." (Doc. 29, p. 4). Respondents argue that Petitioner Brown's habeas petition should be dismissed since he failed to exhaust his state court remedies, and since his is not in custody in violation of any federal law. (Doc. 30, p. 4). Respondents contend that since Petitioner filed his instant habeas Petition prior to his parole revocation hearing, "he was challenging an intermediary step in the parole revocation process and should have filed a petition for writ of habeas corpus in the Court of Common Pleas of Northumberland County." (Doc. 30, p. 5). Respondents state that since Petitioner did not file a state court habeas petition, "any claims relating to detention prior to his parole revocation hearing were not exhausted prior to filing the petition in this case." (*Id*.). However, as mentioned above, on March 15, 2011, Petitioner filed a Habeas Petition pursuant to 42 Pa.C.S.A. §§6501, *et seq.*, in the Philadelphia County Court of Common Pleas. (Doc. 21, pp. 4-13). Petitioner claimed that the PA Board violated his substantive and procedural due process rights with respect to his detainment at SCI-Coal Township. Thus, Petitioner has submitted evidence he attempted to exhaust his state court remedies by filing a state court habeas petition prior to his parole revocation hearing.

The Court does agree with Respondents that insofar as Petitioner was seeking release in his instant March 2011 habeas petition **prior** to his parole revocation hearing which was held on May 16, 2011, his claim alleging that his due process rights were being violated before his revocation hearing was held became moot when he received his revocation hearing. (Doc. 30, p. 5). *See Spencer v. Kemna*, 523 U.S. 1, 8-13 (1998). In *Spencer*, "the Court dismissed as moot a habeas petition challenging the revocation of parole because the period of reincarceration had expired and

7

there was no collateral consequences attending the revocation of parole sufficient to create a live controversy." *Ascenzi v. Erickson*, 2007 WL 712129, *4 (M.D. Pa. 3-7-07). In short, Petitioner Brown's initial due process claims raised in his March 2011 habeas petition against the PA Board were resolved when he received his parole revocation hearing in May 2011.

Respondents also argue that to the extent Petitioner challenges the May 26, 2011 decision of the PA Board and claims that his parole should not have been revoked or that his parole violation maximum date was not correct, he must file an administrative appeal to the PA Board under 37 Pa. Code §73.1. (*Id.*, pp. 5-6). Thereafter, Respondents state that Petitioner can file an appeal to the Pennsylvania Commonwealth Court. Respondents stated that the deadline for Petitioner's administrative appeal to the PA Board was thirty days after its decision, *i.e.* June 27, 2011. (*Id.*, p. 6). There is no evidence in the current record which indicates that Petitioner filed a timely administrative appeal with the PA Board regarding its May 26, 2011 decision by June 27, 2011. Nor does Petitioner state that he filed an administrative appeal with the PA Board in his July 5, 2011 Traverse. (Doc. 33). Thus, Petitioner failed to exhaust his state court remedies with respect to his instant habeas petition and it appears that the time to do so has expired.

1. *Exhaustion and Procedural Default*

In *Shackleford v. Ebbert*, 2011 WL 1107024, *5 (M.D. Pa. 2011), adopted by 2011 WL 1059732 on 3-23-11, the Court stated:

> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedial available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts

> typical will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002).
>
> Thus, in this specific factual context, where a habeas petitioner seeks to challenge a parole revocation decision, it is well-settled that a prisoner-petitioner should not be permitted to bring his complaint of procedural error in a parole determination unless he has first exhausted his administrative remedies. *See United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167 (3d Cir.1989); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848 (3d Cir.1976)

Petitioner had certain procedural steps he was required to take in order to exhaust the claims presently before this Court. Within thirty (30) days following the revocation of his parole, Petitioner was required to file an appeal with the PA Board. *See* 37 Pa. Code § 73.1(a)(1-2) ("An interested party ... may appeal a revocation decision ... [when] an error of law has been committed or there has been a violation of constitutional law." After an administrative appeal to the PA Board, Petitioner must present his claims to the Pennsylvania Commonwealth Court. *See* 42 Pa.C.S.A. § 763(a). *See Bronson v. Pennsylvania Board of Probabtion and Parole*, 491 Pa. 549,421 A.2d 1021 (1980); *Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *2 (M.D. Pa. 11-4-10), adopted by 2011 WL 208888(M.D. Pa. 1-20-11); *Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *8 (E.D. Pa. 8-31-10). Further, if petitioner was still unsatisfied with the result, Petitioner was then required to petition the Pennsylvania Supreme Court for an Allowance of Appeal. *See* 42 Pa. C.S.A. § 724; *See McMahon v. Pennsylvania Board of Probation and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983); *Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *8 (E.D. Pa. 8-31-10).

As Petitioner Brown failed to use the available state court remedies, he cannot now assert his constitutional claims for the first time on federal habeas review. *See, e.g., Wareham v. Stowitzky,*

9

2007 WL 666692, at *5 (E.D.Pa. February 26, 2007); *Lloyd v. Shannon*, 2005 WL 1138389, at *2 (M.D.Pa. Apr. 28, 2005) (failure to file administrative and state court appeals precludes habeas review of parole revocation.) (later vacated by the Third Circuit as moot, *see Lloyd v. Shannon*, 283 Fed.Appx. 883, 885, 2008 WL 2588623, 2 (C.A.3) (Pa. 2008)).  *See also Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *7([Petitioner's] failure to properly pursue his state remedies with respect to this parole board action now bars federal consideration of this claim.").

Therefore, we find Petitioner Brown has not exhausted his state court remedies, and the time to do so has expired.  Thus, as in *Favors*, Petitioner Brown has procedurally defaulted his present claims.  In *Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *7, the Court stated:

> given [Petitioner] Favors' clear defaults, this Court cannot review the merits of his procedurally defaulted claims unless Favors shows either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate "cause" for a procedural default, Favors must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if Favors can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

In Petitioner Brown's case, the PA Board conducted a parole revocation hearing on May 16, 2011.  On May 26, 2011, the PA Board mailed its decision revoking Petitioner Brown's parole because of his September 2004 conviction in Delaware County, Pennsylvania.  (Doc. 29-1, Ex. 8, p. 38).  The PA Board's  May 2011 decision (Doc. 29-1, Ex. 8, p. 38) clearly stated and informed Petitioner Brown of his administrative appellate rights, and stated that he could appeal this decision to the Board within 30 (thirty) days of the notice. (*Id*.).  As stated, Petitioner Brown took

no action in state court to challenge the PA Board's May 26, 2011 decision to revoke his parole.

Petitioner Brown, however, has waited too long and his claims are now procedurally defaulted.  As Respondents stated:

> "Brown ha[d] until June 27, 2011 to challenge the Board's decision to revoke his parole through the Board's administrative appeal process.  See 37 Pa. Code 73.1.  Brown has offered no reason to excuse exhaustion and should be required to follow the well-established procedure for challenging Board decisions.  Accordingly, the petition should be dismissed for failure to exhaust state court remedies.

(Doc. 30, p. 6).[4]

The Court agrees with Respondents. The Court finds that Petitioner Brown had adequate administrative and state court remedies available to him.  Before the merits of the petition may be discussed, a federal court must consider whether petitioner has exhausted his administrative and state remedies.  Exhaustion is required in habeas cases as a matter of comity in order to give state courts the initial opportunity to correct their own errors.  *See Lambert v. Blackwell*, 387 F. 3d 210, 231 (3d Cir. 2004); *Lewis v. Nelson*, 2007 WL 1575061, *2.  In this case, Petitioner Brown is challenging his continued detention in SCI-Coal Township by the PA Board, but he did not exhausted his administrative and state remedies available to him.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims.  28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

---

[4] Respondents filed their Responses to Petitioner's Habeas Petition on June 16, 2011. (*See* Docs. 29 & 30).

In *Dunn v. Wynder*, 2006 WL 2850631, *1 (M.D. Pa.), the Court stated:

> Generally, a federal court may not entertain a petition for a writ of
> habeas corpus unless the petitioner has first exhausted his state court
> remedies. FN3 *Lee v. Stickman,* 357 F.3d 338, 341 (3d Cir.2004), citing
> 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct.
> 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the
> principles of comity and judicial economy [and] provides state courts with
> an initial opportunity to consider and correct alleged violations of
> prisoners' rights without disruption from the federal courts." *Hankins v.*
> *Fulcomer,* 941 F.2d 246, 249 (3d Cir.1991).

> FN3. Exhaustion is excused if there is an absence of available
> State corrective process[,] or ... circumstances exist that render
> such process ineffective to protect the rights of the applicant.
> *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000), quoting 28
> U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required
> if there is inordinate delay in state procedures, *id.* at 250, or
> if state officials have obstructed the petitioner's attempts to
> obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock,*
> 821 F.2d 179 (3d Cir.1987).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838,

844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

As the Court stated in *Bentley v. Tennis*, 2010 WL 5140029, 5-6 (M.D. Pa. 12-9-10):

> "The threshold inquiry in the exhaustion analysis is whether the
> claims asserted in the habeas corpus petition have been "fairly
> presented" to the state courts.  *Picard v. Conner*, 404 U.S. 270, 274
> (1971).  Fair presentation requires that the "substantial equivalent"
> of both the legal theory and the facts supporting the federal claim are
> submitted to the state courts, and the same method of legal analysis
> applied in the federal courts must be available to the state courts.
> *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997).

In the instant case, it is clear that Petitioner Brown has not "fairly presented" all the issues

raised in his habeas petition in state court as he could have.  The *Dunn* Court stated, "[a] habeas

corpus petitioner bears the burden of demonstrating that  he has satisfied the exhaustion

12

requirement." 2006 WL 2850631, *1-*2. Citing *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000);

*Lambert v. Blackwell,* 134 F.3d 506, 513  (3d Cir.1997).

In his habeas petition, as indicated, Petitioner Brown stated:

> "[Petitioner] Prays only this Honorable issue declaratory that his procedural due process rights are violated by his continuing to be refused proper documentation as to the cause of his detainment and Fugitive warrant of [commitment], et al.; And Grant him injunction order that the Defendant Board, forthwith and without delay, provide him with documentation in comporting with the 4th and 14th Amendments of the U.S. Constitution."

(Doc. 1, p. 2).

In his Traverse, Petitioner stated, as his Relief Requested, "[t]o be immediately released."

(Doc. 33, p. 2).

Petitioner chose not to avail himself of the administrative and state court remedies available to him.  Rather, he is requesting this Court to decide issues which he had ample time to raise in state court.  We find that Petitioner Brown had adequate administrative and state court remedies available to him, and that he has not shown either cause for his procedural default of his claims and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review his claims.  *See Favors, supra* at *7.  In our case, Petitioner Brown does not claim that he is actually innocent of the September 2004 Delaware County conviction, Case No. CP-23-CR-0003569-2044.  Rather, Petitioner claims that the PA Board had to return him to Pennsylvania to address his Delaware County conviction and provide him with a hearing before the PA Board executed its warrant on January 13, 2011.  As discussed below, the Court agrees with Respondents that there is no merit to Petitioner's claims.

13

2. *Merits of Habeas Petition*[5]

Respondents argue:

> Brown appears to argue that his due process rights were violated because the Board did not return him to Pennsylvania to address the conviction in Delaware County Case No. Cp-23-CR-0003569-2004, while he was serving a sentence for crimes he committed in the State of Delaware. The record in this matter clearly establishes that Brown is not entitled to relief on due process grounds.
>
> Brown's parole was revoked because of the crime he committed that led to his conviction in Delaware County Case No. Cp-23-CR-0003569-2004. Although Brown appears to claim that the Board had a duty to remove him from the State of Delaware, while he was serving a sentence of incarceration, the United States Supreme Court decision in *Moody v. Daggett*, 429 U.S. 78 (1976) makes it clear that Brown is not entitled to a writ of habeas corpus because the issuance of a parole violation detainer does not deprive an inmate of any constitutionally protected rights and because the Board is not required to provide Petitioner with a hearing until he is taken into custody on the Board's warrant. [FN Omitted].

(Doc. 30, pp. 6-7).

The record in our case indicates that the PA Board issued a warrant on December 9, 2004 for Brown's return to Pennsylvania regarding his conviction in Delaware County Case No. CP-23-CR-0003569-2004. (Doc. 29-1, Ex. 6). This warrant was lodged as a detainer at the Gander Hill Prison in the State of Delaware. Petitioner Brown, however was later released from prison in Delaware despite the Board lodging a detainer against Petitioner.

---

[5]Even though the Court finds Petitioner's habeas claims are procedurally defaulted, it finds no merit to Petitioner's claims. *See* 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.").

We agree with Respondents that the PA Board had no duty to provide Petitioner Brown with a hearing until after the Board's warrant was executed.  The detainer placed on Petitioner Brown by the PA Board did not act as an arrest. "A detainer is an unexecuted warrant placed on an individual while in custody in another jurisdiction and is a matter of comity." *U.S. v. Felder*, 389 Fed.Appx. 111, 116 (3d Cir. 2010) citing *Moody v. Daggett*, 429 U.S. 78, 81 n. 2 (1976).  The *Felder* Court also noted that "[t]he Supreme Court in *Moody* further defined a detainer as an 'internal administrative mechanism to assure that an inmate subject to an expired term of confinement will not be released from custody until the jurisdiction asserting a ... violation has had an opportunity to act in this case ... .'" citing *Moody v. Daggett*, 429 U.S. 78, 81 n. 2 (1976)).

In *Morrissey v. Brewer*, 408 U.S. 471, 487-88 (1972), the Court held that a parolee must be afforded a parole revocation hearing before final decision on revocation by the parole authority. *See also Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *7-*8 (E.D. Pa. 8-31-10). In our case, the record shows that Petitioner Brown was given a parole revocation hearing by the PA Board on May 16, 2011, after Brown filed his instant habeas petition, and that the PA Board then issued its decision revoking Petitioner's parole on May 26, 2011.

## IV.  Conclusion.

The Court finds that the present habeas petition should be denied since Petitioner Brown was informed of his thirty (30) day right to appeal his parole revocation by the Pennsylvania Board of Probation and Parole in its May 26, 2011 decision.  Petitioner chose not to take advantage of the administrative and state court remedies available to him, and his present habeas claims are

procedurally defaulted.  Also, the Court agrees with Respondents that there is no merit to Petitioner's claims.  Thus, the Court will deny Petitioner Brown's Petition for Writ of Habeas Corpus. (**Doc. 1).**

An appropriate Order follows.


**s/ Thomas M. Blewitt**

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 22,  2011**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES A. BROWN, | : | CIVIL ACTION NO. **3:CV-11-0443** |
| Petitioner | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al., | : | |
| | : | |
| Respondents | : | |

**ORDER**

**AND NOW,** this **22nd** day of **August, 2011**, **IT IS HEREBY ORDERED THAT** Petitioner

Brown's Petition for Habeas Corpus **(Doc. 1)** is **DENIED.**

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 22, 2011**